**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4475**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

      v.

RICARDO JAVIER ARELLANO,

                Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlotte. Martin K. Reidinger, District Judge. (3:09-cr-00060-MR-1)

Submitted: March 23, 2011        Decided: June 27, 2011

Before WILKINSON, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Federal Defender, Ross H. Richardson, Assistant Federal Defender, for Appellant. Edward R. Ryan, United States Attorney, Charlotte, North Carolina; Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo Javier Arellano appeals the 408-month sentence imposed following his guilty plea to three counts of armed bank robbery, in violation of 18 U.S.C. § 2113(d) (2006), and one count of forced accompaniment during a bank robbery, in violation of 18 U.S.C. § 2113(e). Counsel for Arellano filed a brief in this court in accordance with Anders v. California, 386 U.S. 738 (1967), certifying that there are no non-frivolous issues for appeal, but questioning whether the district court imposed an unreasonable sentence. Arellano was informed of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45 (2007); United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence including an explanation for any deviation from the Guidelines." Gall, 552 U.S. at 51.

If there are no procedural errors, we consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). While we presume that a sentence within a properly calculated Guidelines range is reasonable, see United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007), we may not presume that a sentence outside the Guidelines range is unreasonable. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Rather, in reviewing a sentence outside the Guidelines range, we "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on the whole, justify the extent of the variance." United States v. Morace, 594 F.3d 340, 346 (4th Cir.), cert. denied, 131 S. Ct. 307 (2010). That we would have imposed a different sentence is not reason alone to vacate the district court's sentence. Id.

We hold that the district court committed neither procedural nor substantive error during sentencing. The court used the correct advisory Guidelines range and explained its reasoning, considering both parties' arguments and the § 3553(a) factors. Further, the court explicitly found that the facts of Arellano's crimes made his case exceptional, warranting an above-Guidelines sentence in light of the § 3553(a) factors. In doing so, it did not abuse its discretion.

3

In accordance with <u>Anders</u>, we have examined the entire record and find no other meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Arellano, in writing, of the right to petition the Supreme Court of the United States for further review. If Arellano requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Arellano.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>